IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR AGEEL,<br><br>  Plaintiff,<br><br>  v.<br><br>R.C. JOHNSON, Warden, et al.,<br><br>  Defendants. | NO. 2:20-CV-10093-JWH (AGR)<br><br>**ORDER OF DISMISSAL** |

1

## I. PROCEDURAL HISTORY

On November 2, 2020, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 against two officials at the California State Prison, Los Angeles County ("CSP-LAC"), Warden Johnson and correctional officer Coleman. (Dkt. No. 1.) Defendants were given leave to file a pre-answer motion for summary judgment based solely on the issue of exhaustion of administrative remedies. (Dkt. No. 17.)

On June 21, 2021, Defendants filed a motion for summary judgment, including a Statement of Uncontroverted Facts ("SUF") and supporting evidence. (Dkt. No. 19.) The court set a briefing schedule and notified Plaintiff of the requirements for opposing a summary judgment motion. (Dkt. No. 20.) Plaintiff filed an opposition. (Dkt. No. 22.) Defendants filed a reply. (Dkt. No. 23.) Plaintiff filed a surreply (Dkt. No. 26) and a memorandum of points and authorities in support of his opposition (Dkt. No. 27). The motion was taken under submission.

On February 17, 2022, the Magistrate Judge issued a Report and Recommendation ("Report"). The Report recommended that the District Court issue an order (1) accepting the Report and Recommendation; (2) granting Defendants' motion for summary judgment on the ground that Plaintiff had failed to exhaust his remedies before filing this lawsuit; and (3) directing that this action be dismissed without prejudice for failure to exhaust administrative remedies. (Dkt. No. 35.) Objections to the Report were due on March 14, 2022. (Dkt. No. 37.) Plaintiff did not file objections to the Report or request an extension of time to do so.

On September 27, 2022, the District Court issued an Order Accepting the Findings and Recommendation in the Report issued on Defendants' motion for summary judgment. (Dkt. No. 43.) The Court's Order observed

that, after issuance of the Report, the Ninth Circuit issued a decision in *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022). That decision indicated that dismissal of an **amended** complaint after the exhaustion requirement was satisfied or no longer applied would not be appropriate. *Id.* at 708-10.

Because Plaintiff indicated that he exhausted his remedies after the filing of the complaint, the Court granted Plaintiff leave to file a First Amended Complaint within 30 days after entry of the Order on September 28, 2022. (Dkt. No. 43.) The Order instructed Plaintiff that the First Amended Complaint should state all of Plaintiff's claims and add facts regarding exhaustion.

Plaintiff did not file a timely First Amended Complaint or request an extension of time to do so.

On April 4, 2024, the Magistrate Judge ordered Plaintiff to show cause, if there be any, in writing why the court should not recommend dismissal without prejudice of this action for failure to file a First Amended Complaint ("FAC") on or before May 6, 2024. The Court warned Plaintiff that failure to file a timely FAC or otherwise respond to the Order to Show Cause may result in dismissal of this action.

## II.  DISCUSSION

Plaintiff did not file a timely First Amended Complaint or request an extension of time to do so.

Accordingly, it is hereby **ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED:  June 26, 2024

JOHN W. HOLCOMB
United States District Judge

3